**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 03-88-2 |
| JOSE MENDEZ. | : | |

**MEMORANDUM RE: MOTION FOR REDUCTION IN SENTENCE**

**Baylson, J.**                                                                **May 11,  2009**

**I.      Background Facts and Procedural History**

On January 21, 2004, Defendant pled guilty to four counts of an indictment: (1)

conspiracy to distribute and to possess with intent to distribute fifty (50) grams or more of

cocaine base ("crack") and one thousand (1,000) grams or more of heroin within one thousand

feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860; (2) and (3) using and

carrying a firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §

924(c); and (4) possessing a firearm affecting commerce as a convicted felon, in violation of 18

U.S.C. § 922(g)(1).  Defendant agreed that he was responsible for two kilograms or more of

"crack" cocaine base and ten kilograms or more of heroin.

On December 29, 2005, Defendant was sentenced to a total of 168 months imprisonment,

120 months for Count 1 and 24 months for Counts 2 and 3 each, to run consecutively.  Defendant

was sentenced to an additional 24 months for Count 4, to run concurrently.  Defendant initially

fell into a sentencing range of 360 months to life imprisonment, but Count 1 carried a mandatory

minimum of life imprisonment, which became the Guidelines sentence under § 5G1.1.[1]

However, this Court granted the government's motion for a downward departure for substantial

assistance under the United States Sentencing Guidelines (U.S.S.G.) § 5K1.1 and sentenced

Defendant to the reduced terms of imprisonment listed above.

Defendant has now filed a Motion for Reduction of Sentence pursuant to 18 U.S.C.

§ 3582(c)(2).  That statute allows for the modification of a term of imprisonment after it has been

imposed if the sentence was "based on a sentencing range that has subsequently been lowered by

the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Defendant asserts that he is entitled to be

resentenced under that statute because Amendments 706 and 715 to the Guidelines recently

reduced the offense levels and suggested ranges in § 2D1.1 for offenses involving cocaine base,

and Defendant pled guilty to and was sentenced for such an offense in Count 1.

Defendant argues that the sentence imposed was based, at least in part, on what his

sentence would have been under § 2D1.1 of the Guidelines, without the mandatory minimum and

downward departure therefrom.  As support for his conclusion, Defendant notes that the final

Judgment identifies the otherwise applicable sentencing range under § 2D1.1.  According to

Defendant, the sentence actually imposed was based on an offense level of 30, reduced by 11

---

[1]The pre-sentence investigation report reveals that pursuant to U.S.S.G. § 3D1.2(c),
Counts 1 and 4 were grouped together.  Under § 2D1.3, the offense level for the more serious
offense applies, which in this case is Count 1.  Based on the combined quantity of the drugs,
Defendant's base offense level was 38.  However, 2 points were added for proximity to a school
under § 2D1.2, bringing the level to 40.  That level was adjusted upward 4 points for Defendant's
role in the offense under § 3B1.1(a) but was adjusted downward 3 points for acceptance of
responsibility under §§ 3E1.1(a) and (b).  Thus, Defendant's total offense level was 41.  Given
that level and Defendant's criminal history category of VI, Defendant's sentencing range was 360
months to life imprisonment.

from the original level of 41.[2]  Thus, Defendant reasons that his new base level, as calculated

under the amended § 2D1.1, should be comparably reduced by 11 points.  As Defendant's  base

offense level would now be 39, Defendant argues he should have been sentenced according to a

base offense level of 28, which would have reduced the final sentence imposed.

II.    **Discussion**

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o) . . . , the court may reduce the term of
> imprisonment after considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10 identifies the Amendments that may be retroactively applied pursuant to the

authority granted in § 3582(c)(2).  The Sentencing Commission added Amendments 706 and 715

to that list, effective March 3, 2008 and May 1, 2008 respectively.  As a result, prisoners

sentenced pursuant to § 2D1.1 are entitled to request a reduction in their sentences under

§ 3582(c)(2).

However, for Defendant to be eligible for a reduction, his sentence must be "based on" a

sentencing range that was subsequently lowered by the Sentencing Commission.  18 U.S.C.

§ 3582(c)(2).  Defendant cites to an unpublished Eastern District of Pennsylvania case that found

the defendant, who had been granted a downward departure from a mandatory minimum

sentence, eligible for reduction because the sentencing Court "necessarily took into account,

---

[2]Defendant cites no document in the record that indicates the 168 months imprisonment
was derived from a base offense level of 30 and this Court cannot find any evidence that the
Court even took note of any offense level, other than the § 2D1 level identified on the Judgment
form, when calculating the ultimate sentence after the downward departure.

among other factors, the actual guideline range which would have been applicable but for the mandatory minimum." United States v. Hedgebeth, 2008 WL 2719574, at * 1 (E.D. Pa. July 10, 2008) (Fullam, J.).  Judge Fullam concluded that the imposed sentence was "at least to some extent, influence by, and therefore 'based on'" a lowered sentencing range.  Id.  However, the Third Circuit recently rejected a similar "consulted" argument when it determined that a defendant sentenced pursuant to the career offender provision was not eligible for a reduction even if the court first looked to the otherwise applicable § 2D1.1 range to determine the sentence under the career offender provision.  United States v. Mateo, — F.3d —, 2009 WL 750411, at *2 (3d Cir. 2009).

The Third Circuit explained that the language in § 3582(c)(2) is "clear and unambiguous: 'the term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'"  Id. at *2 (quoting United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008)).  The Third Circuit ultimately concluded that "'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of [§ 3582(c)(2)].'"  Id. (quoting Caraballo, 552 F.3d at 10).  A defendant is thus not entitled to a reduction in sentence merely because he was convicted of or pled guilty to a cocaine base offense; rather, the defendant is eligible for a reduction only if his sentence would have been lower had it been imposed after the amendments.

Just as the Third Circuit found that the recent amendments would not have lowered a sentence imposed under the career offender provision, the amendments to § 2D1.1 would not have affected a sentence derived from a mandatory minimum and a § 5K1.1 motion for a

-4-

downward departure from that minimum.  In the present case, Defendant essentially asserts, as

did the defendant in Mateo, that because this Court "consulted" the original base offense level to

determine the sentence after the departure, Defendant is eligible for a reduction in sentence under

§ 3582(c)(2).  However, for several reasons, this Court cannot find that Defendant's sentence was

"based on" the amended sentencing guidelines and therefore that Defendant is eligible for a

reduction.

First, the only evidence Defendant offers to show that the Court actually did consider, or

base its sentence in part on, the § 2D1.1 level is the standard Judgment form.  That form requires

the court to complete a section identifying the applicable § 2D1.1 level and corresponding range,

even when departing from that range.  However, this Court cannot rely on that standard form to

determine that the otherwise applicable base level had any influence on the sentence, let alone

that the base level served as a "starting point" from which this Court calculated the downward

departure.[3]   Even if the Court had considered the otherwise applicable sentencing range under

§ 2D1.1, a sentencing court's consideration of the otherwise applicable sentencing range under

§ 2D1.1 at one step in the sentencing process does not necessitate the conclusion that the

sentence was actually based on the § 2D1.1 offense level.  See Mateo, 2009 WL 750411, at *2.

Furthermore, when determining the extent of the downward departure, this Court is not

required to consider the sentencing range under § 2D1.1 where a mandatory minimum would

---

[3]Notably, the presentence report recommended that the Court impose a sentence of 240
months for Count 1 if it granted a motion for a downward departure.  Yet the Court here imposed
a sentence half of the one recommended, and one-third of the minimum sentence suggested by
the otherwise applicable § 2D1.1 sentencing range.  Given this extreme departure, the Court
cannot conclude, without other evidence, that the otherwise applicable § 2D1.1 offense level and
corresponding range impacted the Court's ultimate sentence in any way.

have applied instead.  The Third Circuit has explained that the base guideline sentence a court

should consider when imposing a sentence after a § 5K1.1 motion is the mandatory minimum

sentence, rather than the otherwise applicable sentencing range.  United States v. Cordero, 313

F.3d 161, 165 (3d Cir. 2002) (holding that under U.S.S.G. § 5G1.1(b), "[w]here a statutorily

required minimum sentence is greater than the maximum of the applicable guideline range, the

statutorily required minimum sentence shall be the guideline sentence").  Thus, this Court was

not required to consider the § 2D1.1 sentencing range due to the mandatory minimum, and there

is no evidence that it actually did so when determining Defendant's sentence.

 In addition, in a recent opinion, the Third Circuit held that a defendant sentenced to a

mandatory minimum for a cocaine base offense was not eligible for a reduction under

§ 3582(c)(2) because a mandatory minimum sentence cannot be altered by any amendments to

the sentencing guideline ranges, and thus the amendment would not have had the effect of

lowering the defendant's sentence for purposes of § 3582(c).  Sanchez-Cordero v. United States

2009 WL 624063, at *1 (3d Cir. 2009); see also United States v. Robinson, 2009 WL 212410, at

*2 (E.D. Pa. January 29, 2009) (holding that a court cannot reduce a sentence based on a

mandatory minimum under § 3582(c)).  Therefore, the proper starting point for this Court's

determination of the sentence was the mandatory minimum, rather than the § 2D1.1 range, and a

sentence derived from the mandatory minimum cannot be reduced under § 3582(c).

 Finally, even the applicable mandatory minimum and the downward departure from that

mandatory minimum did not preclude application of § 3582(c)(2), and assuming this Court had

actually considered Defendant's otherwise applicable sentence under § 2D1.1 in determining the

sentence, Defendant would not be eligible for a reduction under § 3582(c)(2).  Due to the large

amount of drugs Defendant was carrying, he would have been assigned a base offense level of

38, without the increase for the location or the decrease for acceptance, even after the recent

amendments.[4]  As a result, had Defendant been sentenced directly pursuant to § 2D1.1, without

the mandatory minimum or downward departure, his sentence would not have been changed by

the recent amendments.  Therefore, the § 2D1.1 sentencing range that Defendant argues this

Court based, at least in part, the imposed sentence on  was not "subsequently . . . lowered" by

the amendment, as required for reduction under § 3582(c)(2).  Defendant's sentence would thus

not qualify for reduction under § 3582(c)(2), even without the mandatory minimum and

downward departure complications.

     Defendant offers no evidence or persuasive argument indicating that had the

amendments been effective prior to sentencing, his final sentence would have been any different.

"Essentially, had the lower Guidelines ranges for cocaine base offenses been in effect when

Defendant was originally sentenced, those ranges would not have impacted the actual sentence

imposed by this Court."  United States v. Rios, 2009 WL 383750, at *5 (E.D. Pa. February 09,

2009).  Thus, as Defendant's sentence was not based on a sentence that was subsequently

lowered by an amendment, Defendant is not entitled to a reduction under § 3582(c)(2).

     An appropriate Order follows.

O:\Lauren\Crack Resentencing\USA v. jose mendez2.wpd

---

[4]The combined quantities of crack and heroin attributed to Defendant convert to 50,000 kilograms of marijuana under the Sentencing Guidelines.  Contrary to Defendant's assertions that his offense level would be reduced by two after the amendments, both the old and amended versions of the Guidelines assign a level 38 to such a large quantity of marijuana.